IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KUSHAL KALPAN SHAH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-470-RGA |
| CONNECTIONS, CSP, et al., | : |
| Defendants. | : |

Kushal Kalpan Shah, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

## MEMORANDUM OPINION

April 8, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Kushal Kalpan Shah, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He filed an Amended Complaint that clarified the parties' names. (D.I. 7). The Complaint and Amended Complaint form the operative pleading. (D.I. 1, 7). Plaintiff appears *pro se* and has paid the filing fee.[1] The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff raises medical needs claims. (D.I. 1, D.I. 7).

Plaintiff was diagnosed as diabetic in 2018. (D.I. 1 at ¶ 11). He was not placed on a "finger stick system" and medical staff denied his requests for placement on diabetic meal plan. (*Id.* at ¶¶ 12, 45, 46). During March 2020, Plaintiff began experiencing stomach pain, and he was seen by medical on March 16, 2020. (*Id.* at ¶ 14). Medical staff erroneously determined the pain was a muscle strain from lifting a food cart. (*Id.*). The pain continued, and on March 18, 2020 Plaintiff was seen by Defendant medical provider William Ngwa who diagnosed plaintiff with a stomach muscle strain. (*Id.* at ¶ 15).

---

[1] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

1

The pain continued, lab work was conducted, and Plaintiff was provided with a liquid diet. (*Id.* at ¶¶ 16-21). Plaintiff was unable to consume the liquid diet, was dry heaving, and admitted to the prison infirmary where Defendant R.N. Collette Fomundam examined Plaintiff and treated him with an insulin IV. (*Id.* at ¶¶ 22-33). Plaintiff was seen by Dr. Jordan Cunningham who told Plaintiff that he would be fine in a few days. (*Id.* at ¶ 29). Plaintiff alleges that medical staff were aware that his blood sugar was dangerously high yet allowed him to lie in bed without proper medical attention. (*Id.* at ¶ 48). Plaintiff's condition worsened, he began vomiting blood, and at that point was taken by ambulance to Christiana Care Emergency Room. (*Id.* at ¶ 33-34, 48-49). He was diagnosed with diabetic ketoacidosis and transferred to the ICU where he remained until March 26, 2020.[2] (*Id.* at ¶ 35-39). He was discharged from the hospital on March 27, 2020. (*Id.* at ¶ 40).

Upon his return to JTVCC Plaintiff asked Dr. Cunningham why his condition had become so severe, and Dr. Cunningham had no explanation. (*Id.* at ¶ 41). Plaintiff alleges that Dr. Cunningham made a false entry in Plaintiff's medical record that he was not taking his diabetic medication. (*Id.* at ¶ 42). He alleges that prison medical staff performed blood work and an urinalysis and both were negative, while the same tests performed at Christiana Hospital were to the contrary. (*Id.* at ¶¶ 43-44). Plaintiff alleges that the appropriate medical care was delayed by medical staff which exacerbated his condition and led to a potentially critical situation. (*Id.* at ¶ 50).

---

[2] The Complaint does not provide the day that Plaintiff was taken to the ER.

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* at ¶¶ 56-59).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  See 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Centurion.** Plaintiff raises claims related to the action or inaction of prison medical personnel that took place during the month of March 2020. Plaintiff names two contract medical providers as defendants: Connections CSP and Centurion of Delaware, LLC. The Court takes judicial notice that Centurion replaced Connections as the contract medical provider for Delaware Department of Correction facilities on April 1, 2020. *See Fletcher v. Connections CSP*, 2020 WL 5350262, at *14 (D. Del. Sept. 4, 2020), *aff'd sub nom. Fletcher v. Department of Corr.*, 856 F. App'x 359 (3d Cir. 2021).

Centurion had no involvement in Plaintiff's medical care prior to April 1, 2020, and therefore, it will be dismissed.

**Personal Involvement.** Chuks, the on-call medical provider (per the case caption), is a named defendant. There are no allegations raised against Chuks. Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). Chuks is named only as a defendant and nothing points to Chuks' personal involvement in Plaintiff's claims. Therefore, Chuks will be dismissed.

**Medical Claims.** Plaintiff's claims rest upon delay in medical care and the type of treatment provided him by Defendants Connections CSP, medical provider Ngwa, Dr. Cunningham, and R.N. Fomundam. A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by

5

the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment, prisons officials must ensure inmates receive adequate medical care).

In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. A "failure to provide adequate care [that] was deliberate, and motivated by non-medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In addition, "a prisoner does not have the right to choose a specific form of medical treatment." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (cleaned up). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should have been done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429

U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. See *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); see also *Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As pled, the allegations fail to state cognizable medical needs claims. Plaintiff claims that he was misdiagnosed by Ngwa. At most, this alleges negligence. Plaintiff alleges that Dr. Cuningham examined him and made a false entry in his medical record. Neither rises to the level of a constitutional violation. Plaintiff alleges that R.N. Fomundam provided him treatment, which he seems to assert was inadequate. Finally, Connections is mentioned only to the extent that it "was responsible for the health care of prisoner[s]." (D.I. 1 ¶ 4). This does not suffice to state a deliberate indifference claim. Accordingly, the operative pleading will be dismissed failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Because it is possible that Plaintiff may be able to state cognizable claims, he will be given leave to amend.

## MOTIONS

**Motion to Amend (D.I. 13)**. The Court will dismiss as moot Plaintiff's motion to amend the complaint. It appears to be identical to the amended complaint found at Docket Item 7.

**Request for Counsel (D.I. 14)**. Plaintiff requests counsel. Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff has

never sought *in forma pauperis* status. He paid the filing fee and the court docket does not indicate that he qualifies for counsel under § 1915. Therefore, the request for counsel will be denied.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's motion to amend the complaint; (2) deny Plaintiff's request for counsel; and (3) dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff will be given leave to amend.

An appropriate Order will be entered.