IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KUSHAL KALPAN SHAH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-470-RGA |
| CONNECTIONS, CSP, et, al., | : |
| Defendants. | : |

MEMORANDUM

Plaintiff, pro se, filed a complaint on March 30, 2021. (D.I. 1). Plaintiff paid the filing fee on April 14, 2021. (D.I. 12). Plaintiff filed an amended complaint. (D.I. 7). I dismissed the complaints with leave to amend. (D.I. 15 & 16). Plaintiff filed another amended complaint. (D.I. 19). On November 7, 2022, I dismissed that complaint and found that further amendment would be futile. (D.I. 22). Plaintiff promptly appealed. (D.I. 23). On January 23, 2023, the Court of Appeals dismissed the appeal "for failure to timely prosecute insofar as appellant failed to pay the requisite fee as directed." (D.I. 25).

Eight months later, on September 19, 2023, Plaintiff filed a "motion for relief from a judgment or order." (D.I. 26). The purported basis for the relief is that Plaintiff, in a case from more than ten years ago, *Shah v. Danberg*, 855 F.Supp.2d 215 (D. Del. 2012), was appointed counsel based on Plaintiff's "history of a mental health condition and the complexity in attacking the constitutionality of a State statute." *Id.* at 228. In the 2012 decision, the Court had already found that Plaintiff had stated a "cognizable claim" that a state statute was unconstitutional as applied to him. *Id.* at 225.

The earlier case was markedly different from this one. First, Plaintiff had a claim there; he does not here. Second, the claim there related to his mental health; here, the purported claim relates to lack of proper medical treatment for his diabetes.[1] Third, this case has already been unsuccessfully appealed and closed; there, the appointment occurred in the preliminary stages of the case. I also note: one, Plaintiff paid the filing fee and does not have IFP status; and, two, the three complaints (D.I. 1, 7, 19) are all coherent and give not a whiff of any current mental health problem that prevents Plaintiff from articulating his claims.[2]

The motion for reconsideration does not contain anything that suggests there is a good reason for allowing Plaintiff to re-open this case because of "mistake, inadvertence, surprise, or excusable neglect" or because of any other reason. The motion for reconsideration will be denied. A separate order will issue.

United States District Judge
7/1/24

---

[1] Nothing in the record of this case supports the motion's naked assertion that Plaintiff currently "suffers from serious mental health issues." (D.I. 26 at 3 of 3). Plaintiff twice filed motions requesting the Court appoint counsel. (D.I. 4, 14). In neither did he allege any mental health issues as a reason why counsel should be appointed.

[2] Nor does the motion for reconsideration contain a proposed amended complaint or anything else suggesting how the deficiencies in the earlier complaints could have been amended to state a claim.